IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIDGET BROWN PARSON, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:18-CV-774-K-BK |
| | § | |
| | § | |
| SELECT PORTFOLIO SERVICING, | § | |
| ET. AL., | § | |
| DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. For the reasons detailed herein, this case should be **DISMISSED WITH PREJUDICE** for want of prosecution.

Plaintiff filed her complaint on March 28, 2018, alleging claims arising from her bankruptcy proceedings. Doc. 3. Plaintiff was required to register for access to the Court's CM/ECF system within 14 days of filing her complaint. N.D. TEX. L. CIV. R. 5.1(f). After Plaintiff she failed to do so, the Court *sua sponte* enlarged the time to register to April 23, 2018. Doc. 9. To date, however, Plaintiff has not registered.

Defendants Select Portfolio Servicing and Judge Harlin Hale filed motions to dismiss in April and July of 2018. Doc. 8; Doc. 10. By Local Civil Rule 7.1(e), if Plaintiff opposed the motions, she was required to file a response within 21 days from the date the motions were filed. N.D. TEX. L. CIV. R. 7.1(e). Plaintiff has not filed a response to either motion, nor as she requested an extension of time to do so. As such, on August 24, 2018, the Court ordered Plaintiff to, *inter alia*, explain in writing by September 15, 2018, her failure to respond to the

pending motions to dismiss and her failure to register for access to the Court's CM/CFR system. Doc. 11. The Court also cautioned that Plaintiff's failure to comply with the Court's order might lead to dismissal of Plaintiff's lawsuit under Federal Rule of Civil Procedure 41(b). Doc. 11. Plaintiff's deadline to cure the deficiencies has long since passed, however, and she has failed to comply with the Court's orders or seek an extension of the time in which to do so.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to *sua sponte* dismiss an action for failure to prosecute or failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the [C]ourt's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Here, Plaintiff has had ample opportunity to respond to the Court's order. She has impliedly refused or declined to do so. Accordingly, this action is subject to dismissal with prejudice.

Federal Civil Procedure Rule 41 permits a court to dismiss an action with prejudice for failure to prosecute or failure to comply with a court order. A Rule 41(b) dismissal with prejudice is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff, and the court finds that lesser sanctions would not suffice. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Generally, the court must find one or more of the following aggravating factors: (1) delay attributable to the plaintiff, not to his attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct. *Id.*

Here, the Court finds that there is a clear record of delay or contumacious conduct by Plaintiff. Plaintiff is representing herself, thus, the delay (over eight months since Plaintiff's deadline to register for CM/ECR and nearly four months since Plaintiff's deadline to cure her

deficiencies) is attributable solely to her.  Moreover, Plaintiff has apparently abandoned her case—having failed to take any action whatsoever since March of 2018.  Thus, dismissal with prejudice is appropriate in this case.

For the foregoing reasons, this action should be **DISMISSED WITH PREJUDICE** for want of prosecution and this case **CLOSED**.

**SIGNED** on January 10, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).